## THOMAS ALLEN *v.* THE STATE.

CRIMINAL LAW. *Indictment for malicious shooting.* An indictment, the charging part of which is, "that Thomas Allen, colored, on the 21st day of August, 1874, in the County of Giles, aforesaid, unlawfully, maliciously and feloniously, with a certain gun, which he, the said Thomas Allen, in both his hands, then and there held, did make an assault, in and upon the body of one Col. Jam, colored, *alias* Col. Gilbert, *alias* Col. Nelson, he, the said Thomas Allen, then and there

did cruelly wound, bruise and shoot," etc., is not a good indictment for malicious sooting.

### FROM GILES.

Appeal from the Criminal Court. W. S. McLemore, Judge.

E. T. Taliaferro, for Allen.

Attorney–General Heiskell for the State.

Turney, J., delivered the opinion of the Court

An indictment, the charging part of which is, "that Thomas Allen, colored, on the 21st day of August, 1874, in the county of Giles, aforesaid, unlawfully, maliciously and feloniously, with a certain gun, which he, the said Thomas Allen, in both his hands, then and there held, did make an assault, in and upon the body of one Col. Jam, colored, *alias* Col. Gilbert, *alias* Col. Nelson, he, the said Thomas Allen, then and there did cruelly wound, bruise and shoot," etc., is not a good indictment for malicious shooting. The adverbs unlawfully, maliciously and feloniously, qualify the character of the assault, which may have been with a gun in an offer or attempt to strike, with intent to kill, which intention may have been anticipated and defeated by the party intended as its victim, and subsequently the "cruel" shooting have resulted. It may have been that in the effort to prevent the unlawful, malicious and felonious striking, a fight ensued, in

---

which the assaulting party, in order to extricate himself, used excessive force, and cruelly shot his adversary.

Arrest the judgment.